# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY YOUNG,<br>  Plaintiff,<br>v.<br>LOCAL 1201, FIREMEN & OILERS UNION,<br>  Defendant. | CIVIL ACTION<br><br>No. 07-3576 |

**MEMORANDUM**

Plaintiff Barry Young has filed a motion for reconsideration (docket no. 32) of this court's grant of summary judgment to defendant Local 1201, Firemen & Oilers Union ("Local 1201" or "the union") on plaintiff's claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 *et seq.*[1] Plaintiff argues that the information provided to the court by the union "is inaccurate" and that there are various "inconsist[encies]" in and facts missing from the court's opinion. Mot. for Recons. at 1. Defendant replies (docket no. 34) that (1) because plaintiff has filed a notice of appeal from the same order and judgment, this court has been divested of jurisdiction, and (2) plaintiff's motion does not present proper grounds for reconsideration. Plaintiff has filed a reply brief (docket no.

---

[1] Plaintiff's motion does not appear to seek reconsideration of this court's judgment for the union on Young's defamation claim.

1

35), raising – among other things – the issue of whether he complained about discrimination by the School District of Philadelphia ("the district") in conversations with his state representative. In accordance with this court's order dated January 20, 2010 (docket no. 36), the union has filed a supplemental brief on that issue on February 8 (docket no. 38). Plaintiff has also filed a response, captioned as a Brief in Validation (docket no. 37).[2]

Contrary to defendant's threshold contention, this court retains jurisdiction over plaintiff's motion pursuant to Federal Rule of Appellate Procedure 4(a)(4). Rule 4(a)(4)(B)(I) provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered." As the Advisory Committee's comments to the 1993 amendment of Rule 4 clarify, Rule 4(a)(4)(B)(I) applies to "suspend[]" a notice of appeal when the "notice [is] filed before the filing of one of the specified motions in [Rule 4(a)(4)(A)]." Thus, because (1) the list in Rule 4(a)(4)(A) includes motions "to alter or amend the judgment under [Federal Rule of Civil Procedure] 59," (2) plaintiff timely[3] filed a document styled as a "Motion for Reconsideration," and (3) "[f]or

---

[2] Plaintiff has subsequently filed two further briefs (docket nos. 39 and 40). Those memoranda are largely duplicative of plaintiff's earlier filings and raise no concerns that warrant reconsideration.

[3] The court's order and judgment, while filed on September 29, were entered on September 30. Plaintiff thereafter had ten days in which to file a motion: Rule 59(e)

purposes of Fed. R. App. P. 4(a), [the Court of Appeals] regards a motion labeled only as a motion for reconsideration as the functional equivalent of a Rule 59 motion," *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985), this court retains jurisdiction over plaintiff's motion.[4]

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, reconsideration is appropriate if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Where errors of law or fact are alleged, factual or legal issues may be reconsidered if they were "overlooked by the court in its decision," but "[a] motion for reconsideration is not properly grounded on a request that a court reconsider repetitive

---

specifies that a motion to alter or amend the judgment must be brought within "10 days after the entry of the judgment," and Local Rule 7.1(g) likewise specifies that "[m]otions for reconsideration and reargument shall be served and filed within ten days after the entry of the judgment, order, or decree concerned." Under Rule 6(a)(2) of the Federal Rules of Civil Procedure, weekends and legal holidays are excluded from time periods of less than eleven days. Plaintiff's motion was therefore due on October 15, 2009, the day on which it was filed.

[4] I note that, on October 28, 2009, the Third Circuit Clerk promulgated an order staying plaintiff's appeal under Rule 4(a)(4) pending resolution of plaintiff's motion.

3

arguments that have [been] fully examined by the court." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) (internal quotation marks omitted).

Plaintiff's motion and reply brief, which were both jointly filed in this case and in *Young v. School District of Philadelphia*, No. 06-4485, include the following six contentions pertinent to Young's case against the union: (1) this court erred in concluding that plaintiff self-referred twice under the Policy on Substance Abuse ("PSA") included in the collective bargaining agreement between the union and the district; (2) this court erred in its construction of the PSA; (3) plaintiff (a) told Ron Ellis, his union representative, that the decision of Timothy McCollum, plaintiff's first supervisor with the district, to terminate plaintiff's employment was based on racial animus, and (b) complained to his state representative about discrimination by McCollum; (4) then-union president Michael McGinley, along with McCollum, recruited white employees to the Emerald Society while channeling African-American employees to the NAACP; (5) the union misrepresented certain facts pertaining to plaintiff's drug tests; and (6) several facts taken together demonstrate that plaintiff's claims are meritorious.[5] None of these arguments merits reconsideration of the court's opinion and order granting summary

---

[5] Plaintiff's separate arguments concerning (1) McCollum's conduct, (2) the district's treatment of plaintiff's vacation and sick time, and (3) plaintiff's pre-employment drug testing history are relevant primarily to his claims against the district and will not be considered here. *See* Mot. for Recons. at 1-2; Reply Br. at 3-4.

judgment to Local 1201.

First, plaintiff's arguments concerning the question of whether he self-referred on two occasions were previously considered by the court when it determined that "the PSA defines 'self-referral' as an 'employee's voluntarily identifying himself . . . as requiring assistance in dealing with alcohol or drug dependency,'" and that plaintiff "signed one self-referral form" and, on a "second occasion," asked Ron Ellis "to send him to rehabilitation." *Young v. Sch. Dist. of Phila.*, No. 06-4485, 2009 WL 3072534, at *6 (E.D. Pa. Sept. 24, 2009); *see also Young v. Local 1201, Firemen & Oilers Union*, 2009 WL 3152119, at *5 (E.D. Pa. Sept. 25, 2009) (adopting this reasoning). Thus, this court did not conclude, as plaintiff supposes, that his act of "reporting to Carol [Kenney, a district employee] on March 16, 2004" was a self-referral. Mot. for Recons. at 1. Nor does plaintiff's statement that he "never returned to work [in] February 2005 to self-refer," *id.* at 2, provide any reason to believe that this court's reasoning, or any of the findings of fact on which that reasoning was based, was in error. I therefore decline to reconsider the conclusion that plaintiff self-referred twice within the meaning of the PSA.

Second, plaintiff quotes – as he did in opposition to the union's motion for summary judgment – the provision of the PSA stating that "[a]n employee's voluntary recourse to assistance for a substance abuse problem shall not in itself be considered either a self-referral under this policy or grounds for discipline." *Id*. Again, this court previously considered and rejected the argument that this provision forecloses the

conclusion that plaintiff self-referred twice under the terms of the PSA, *see Sch. Dist. of Phila.*, 2009 WL 3072534, at *7, and plaintiff has presented no reason to doubt that this court's construction of the PSA was correct. Reconsideration would accordingly be improper on this ground as well.

Third, plaintiff asserts, apparently in connection with this court's conclusion that Young never complained to the union about racial discrimination or harassment by the district, that he "did inform Ron Ellis that [he] believed Tim McCollum's decision to fire [him] had to be racially motivated." Mot. for Recons. at 3. This allegation does not persuade this court that it committed an error of fact, however, because the only testimony in the record about McCollum's recommendation that Young be fired, which is taken from plaintiff's deposition, does not reveal that he made this complaint to Ellis. *See* Def.'s Ex. 4, at 193-98. Further, plaintiff was asked twice during his deposition if he complained to the union about McCollum's alleged racial harassment, and he twice stated that he did not. *See id.* at 226, 239. This claim also does not constitute "new evidence," because evidence of what plaintiff did or did not tell union representatives was "available when the court granted the motion for summary judgment." *Max's Seafood Café*, 176 F.3d at 677.

Plaintiff's reply brief further alleges that he telephoned his state representative "and complained of racism and discrimination." Reply at 3. There is, however, no evidence in the record that Young did so. Rather, plaintiff's deposition testimony only

6

reveals that, at the time McCollum recommended that he be fired, Young called his state representative, who intervened. Pl.'s dep. at 197. But plaintiff characterized his request as one to "ha[ve] some people call the school district to find out exactly what they were accusing [him] of and what was going to happen as a result of it." *Id.* Nothing in this description suggests that he complained to his representative about racial discrimination, and plaintiff's claim to the contrary in his reply brief is "not evidence and cannot by [itself] create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).[6] Moreover, "[a] motion to reconsider may not raise new arguments that could or should have been made in support of, or in opposition to, the original motion." *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2008 WL 4461914, at *3 (E.D. Pa. Oct. 3, 2008). Thus, even insofar as this claim is relevant to plaintiff's case against the union, it fails to raise a proper ground for reconsideration.

Plaintiff's fourth argument alleges that McCollum and union president McGinley discriminatorily recruited only white employees for the Emerald Society. This court's review of the record, however, reveals only one prior reference to the Emerald Society – a statement in plaintiff's memorandum in opposition to defendant's summary judgment

---

[6] Plaintiff's Brief in Validation states that he can produce evidence that he spoke to his state representative. *See* Br. in Validation at 1. That brief does not, however, offer proof that plaintiff complained to his representative about discrimination – and, in any case, any such evidence should have been presented before this time.

motion to the effect that "McGinley refused to allow the union to properly represent [Young] because of [McGinley's] membership in the Emerald Society, [of] which . . . McCollum . . . was also a member." Pl.'s Resp., Docket. No. 23, at 1-2.  Once again, this is "not evidence and cannot . . . create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co.*, 772 F.2d at 1109-10.  Even assuming that this statement could properly be considered on summary judgment, however, it does not include allegations of discriminatory recruitment, even though such allegations could have been made before this court decided the summary judgment motion.  In other words, while this claim was not previously before this court, it does not meet the standards for "new evidence" on a motion for reconsideration.

Fifth, plaintiff takes issue with the view that he "tested positive for drugs three times and failed a split sample test."  Reply Br. at 4.  Nothing in this court's prior opinion, however, rests on either of these factual grounds.  This argument therefore also does not merit reconsideration.

Finally, plaintiff argues that he "was manipulated into signing [a] self referral document" in 2004, that he was "lied to and manipulated into signing a letter of resignation," and that in combination with his treatment by McCollum and the fact that Young "was out from work on sick leave and receiving wage continuation pay in accordance with the [PSA]," sufficient evidence exists to find his claims meritorious.  Mot. for Recons. at 1-2.  This court's prior opinion, however, expressly considered the

8

claim that Ron Ellis "coerced plaintiff to sign a resignation letter," *Local 1201*, 2009 WL 3152119, at *3 (internal quotation marks omitted), and the other facts are not pertinent to this court's dispositive conclusions that (1) no evidence exists to show that the union exhibited racial animus towards Young, *see id.* at *4, and (2) Young's complaints to the union were not protected activities within the meaning of Title VII and the PHRA because they were not complaints of racial harassment, *see id.* at *6. Accordingly, plaintiff's argument does not persuade this court that it committed an error either of law or of fact.

For the reasons above, plaintiff's motion for reconsideration will be denied. An appropriate order accompanies this memorandum.